**Paulino NAVARRETE–PAREDES,**
**Petitioner,**

v.

**John ASHCROFT, Attorney General; J. Michael Johnston, Acting District Director; Immigration and Naturalization Service, Respondents.**

No. 03–3169.

United States Court of Appeals,
Sixth Circuit.

April 26, 2004.

Catherine Ann Lampard–Naccari, New Orleans, LA, for Petitioner.

Norah Ascoli Schwarz, Michelle Thresher, U.S. Department of Justice, Immigration Litigation, Civil Division, Washington, DC, for Respondents.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

*ORDER*

Paulino Navarrete–Paredes, a native and citizen of Peru, appeals the decision of the Board of Immigration Appeals (BIA)

which affirmed the decision of an Immigration Judge (IJ) to deny Navarrete–Paredes's application for asylum, withholding of removal, or voluntary departure. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Navarrete–Paredes entered the United States as a tourist in 1993. The Immigration and Naturalization Service began deportation proceedings against him in July 2000 because he had overstayed his visa. Navarrete–Paredes conceded removability and applied for asylum, withholding of removal, or voluntary departure. He designated Spain as his country of removal. An IJ held a hearing in March 2001. Navarrete–Paredes testified that he worked as a security officer at the airport in Lima, Peru. In 1993, he was verbally threatened by a man he believed to be a Palestinian. Navarrete–Paredes also received written threats that he believed came from members of the "Shining Path," a terrorist organization. Navarrete–Paredes left Peru after learning of a car bomb at the airport and the murder of a colleague. The IJ found that Navarrete–Paredes's asylum claim was untimely, and that even if the claim were timely Navarrete–Paredes was not entitled to asylum or withholding of removal because he had not demonstrated past persecution or a well-founded fear of future persecution. The IJ granted Navarrete–Paredes voluntary departure and designated Peru as the country of removal. The BIA affirmed the IJ's decision in January 2003, and Navarrete–Paredes filed a timely petition for review.

In his petition for review, Navarrete–Paredes argues that: (1) the BIA erred in failing to correct the error of the IJ in failing to designate Spain as the first country for removal; (2) the BIA erred in upholding the denial of withholding of removal because Navarrete–Paredes showed a clear probability of persecution on account of protected grounds; and (3) this court has jurisdiction to review the pretermission of Navarrete–Paredes's asylum claim as untimely. The respondents request that this court grant a limited remand to the BIA to clarify the country of removal.

■ Initially, we conclude that we lack jurisdiction to review the BIA's conclusion that Navarrete–Paredes's asylum application was untimely. With some exceptions, an alien must apply for asylum within one year of the date of his arrival in the United States or within one year of April 1, 1997, whichever is later. *See* 8 U.S.C. § 1158(a)(2)(B). However, 8 U.S.C. § 1158(a)(3) bars judicial review of decisions made under § 1158(a)(2). *See Castellano–Chacon v. INS*, 341 F.3d 533, 544 (6th Cir.2003). Accordingly, the only claim on review is Navarrete–Paredes's request for withholding of removal.

We will uphold a BIA decision concerning withholding of removal unless it is manifestly contrary to law. *Castellano–Chacon*, 341 F.3d at 545. Administrative findings of fact are " 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (quoting *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001)).

■ Upon review, we deny the petition for review with respect to Navarrete–Paredes's claim of asylum and withholding of removal, and grant the petition for review for the limited purpose of clarifying the country of removal. The IJ noted that, although Navarrete–Paredes had been threatened, he was not captured or hurt. Persecution requires more than harassment or intimidation unaccompanied by any physical punishment or significant deprivation of liberty. *Mikhailevitch v. INS*,

146 F.3d 384, 390 (6th Cir.1998). Navarrete–Paredes's family members in Peru remained unharmed, and according to the State Department reports in the record, the Shining Path has diminished in power. Moreover, Navarrete–Paredes did not demonstrate a nexus between the threats he described and any of the statutory grounds for asylum or withholding of removal. His position as a security officer at the airport does not make him a member of a particular social group. *See Castellano–Chacon*, 341 F.3d at 547. Accordingly, Navarrete–Paredes did not establish that he was entitled to withholding of removal.

Finally, we note the parties' agreement that the IJ's designation of the country of removal was inconsistent with Navarrete–Paredes's choice as expressed on the record. *See* 8 U.S.C. § 1231(b)(2)(A)(i). We remand the case to the BIA for the limited purpose of clarifying to which country Navarrete–Paredes is to be removed. The petition for review is denied in all other respects.